Filed: 2/17/2025 12:42 PM
Michael Gould
District Clerk
Collin County, Texas
By Darcey Bonnet Deputy
Envelope ID: 97448729

493-01233-2025

**CAUSE NO.**

| | | |
|---|---|---|
| CHANDRASEHAR NKR, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| VOLKSWAGEN GROUP OF AMERICA, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, CHANDRASEHAR NKR, complaining of Defendant, VOLKSWAGEN GROUP OF AMERICA, INC., and for cause of action would respectfully show the Court the following:

## I. DISCOVERY LEVEL

1. Discovery is intended to be conducted under Level 1 of Rule 190.2 of the Texas Rules of Civil Procedure.

## II. PARTIES

2. Plaintiff, CHANDRASEHAR NKR ("Plaintiff"), is an adult individual and legal resident of the State of Texas.

3. Defendant, VOLKSWAGEN GROUP OF AMERICA, INC. ("Defendant"), is a business corporation qualified to do and regularly conducting business in the State of Texas and is engaged in the manufacture, sale, and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships, including Audi Morton Grove ("Seller"). Defendant can be served at its registered agent, Corporation Service Company d/b/a

CSC-Lawyers Incorporating Service Company 211 E. 7th St., Ste. 620, Austin, TX 78701.

## III. JURISDICTION AND VENUE

4. Both jurisdiction and venue are proper in Collin County, Texas, pursuant to the Texas Civil Practice & Remedies Code. Venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas. *See* Tex. Civ. Prac. & Rem. Code §15.002(a)(1). Further, venue is proper because the subject vehicle was repaired in Collin County, Texas.

5. This Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court and there exists personal jurisdiction because Defendant's acts constitute doing business in this state. *See* Tex. Civ. Prac. & Rem. Code §17.042.

## IV. NO BASIS FOR REMOVAL

6. There is no basis for removal of this case to federal court. Specifically, there is no diversity and/or subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) and 15 U.SC. §2310(d)(3)(B), as the damages in this matter are not greater than the $75,000 minimum amount in controversy required for diversity jurisdiction or the $50,000 minimum amount in controversy required for subject matter jurisdiction. The plain language of the statute under which Plaintiff bases his claims, the Magnuson-Moss Warranty Act, defines attorney's fees as costs. See 15 U.S.C. § 2310(d)(2). The plain language of the Magnuson-Moss Warranty Act further states that interests and costs are excluded from the calculation of amount in controversy. See 15 U.S.C. § 2310(d)(B). Thus, attorneys' fees should not be considered when calculating the amount in controversy required for diversity jurisdiction. Lastly, Plaintiff is not asserting a claim at any time against any Defendant who was acting under any officer of the United States or any such agency thereof, or person acting under him, or for any act under color of such office, or against any Defendant during

a time period when its facility was a federal enclave.

## V. BACKGROUND AND FACTS

7. On or about June 20, 2023 Plaintiff purchased from Seller a 2023 Audi Q7 ("Q7"), manufactured by Defendant, Vehicle Identification No. WA1VXBF76PD014371, for valuable consideration (See copy of Plaintiff's Purchase Contract, attached hereto as Exhibit "A").

8. The cash price of the Q7, not including any taxes, financing, or other charges, totaled $74,000.00.

9. In consideration for the purchase of the Q7, Defendant issued and supplied to Plaintiff a written warranty that included a four (4) year or fifty thousand (50,000) mile bumper to bumper coverage and powertrain warranty, as well as other standard warranties fully outlined in Defendant's Warranty booklet.

10. Defendant engages in both national and global advertising campaigns to sell vehicles, including the Q7, to the public through a system of authorized selling agents of Defendant, including Seller.

11. Defendant's authorized selling agents, including Seller, are required by Defendant to post Defendant's name and logo on a sign outside of Seller's place of business.

12. Defendant's authorized selling agents, including Seller, are required by Defendant to produce to Seller's customers brochures for the sale of Defendant's vehicles that are printed and authored by Defendant.

13. Defendant's authorized selling agents, including Seller, are required by Defendant to enter into a sales and service agreement with Defendant that is reduced to a writing.

14. Defendant requires all authorized selling agents, including Seller, to provide customers, including Plaintiff, with Defendant's written warranty described above at the time of

sale.

15. In requiring Seller to provide Defendant's written warranty, Defendant undertakes at the time of sale, the responsibility of repairing its vehicles, including the Q7 and makes the accompanying promise to repair in consideration for the sale of the Q7.

16. Defendant issues and supplies to consumers, including Plaintiff, its written warranty described above as an inducement for the sale of the Q7.

17. The retail price of the Q7 is determined by Defendant and not Seller.

18. On or about June 20, 2023 Plaintiff purchased and took possession of the Q7; and shortly thereafter, Plaintiff experienced a defect which is listed below in this Petition.

19. Plaintiff brought the Q7 to Seller, and/or other authorized service dealers of Defendant, for the following defect which includes but is not limited to:

a. Defective electrical system as evidenced by notification for the driver's assistance currently limited coming on the cluster and shutting off and resetting all the safety features for the car, loss of all pre sense functions and driver's assistance limited message popping up on dash disabling all driver's assistance and blind spot monitoring; *and*

b. Any additional defects, whether or not they are contained on any dealer repair orders.

20. Plaintiff provided Defendant, through Seller, and/or other authorized dealers of Defendant, sufficient opportunities to repair the Q7.

21. Defendant, through its authorized dealers, was unable and/or failed to repair the Q7 within a reasonable number of attempts.

22. The defect described above, along with Defendant's inability to repair the Q7 within a reasonable amount of time and/or after a reasonable number of attempts, violates the written warranty issued to Plaintiff by Defendant as well as the implied warranty of merchantability.

23. Plaintiff justifiably lost confidence in the Q7's safety and reliability.

24. The defect experienced by Plaintiff could not have reasonably been discovered by Plaintiff prior to Plaintiff's acceptance of the Q7.

25. As a result of this defect, Plaintiff revoked acceptance of the Q7 in writing on November 11, 2024 (See copy of November 11, 2024 correspondence, attached hereto as Exhibit "B").

26. At the time of revocation, the Q7 was in substantially the same condition as at delivery except for damage caused by its own defect and ordinary wear and tear.

27. Defendant refused Plaintiff's demand for revocation and has refused to provide Plaintiff with the remedies to which the Plaintiff is entitled upon revocation.

28. The Q7 remains in a defective and unmerchantable condition and continues to exhibit the above-mentioned defect.

29. Plaintiff has been and will continue to be financially damaged due to Defendant's failure to comply with the provisions of its written warranty and its failure to provide Plaintiff with a merchantable Q7.

## VI. FIRST CAUSE OF ACTION: BREACH OF WRITTEN WARRANTY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

30. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-29 of this Petition.

31. Plaintiff is a purchaser of a consumer product, who received the Q7 during the duration of a written warranty period applicable to the Q7, and who is entitled by the terms of the written warranty to enforce against the obligations of said warranty against Defendant.

32. Defendant is a person/entity engaged in the business of making a consumer product

directly available to Plaintiff.

33. Seller is an authorized dealership/agent of Defendant and is designated to perform repairs on vehicles covered under Defendant's written warranty.

34. The Magnuson-Moss Warranty Act, Chapter 15 U.S.C.A., Section 2301, et. seq. ("Warranty Act") is applicable to Plaintiff's Petition in that the Q7 was manufactured, sold and purchased after July 4, 1975, and costs in excess of ten dollars ($10.00).

35. Plaintiff's purchase of the Q7 was accompanied by a written warranty for any defects in material or workmanship, which comprises an undertaking in writing and in connection with the purchase of the Q7, to repair the Q7 or take other remedial action free of charge to Plaintiff with respect to the Q7 in the event that the Q7 failed to meet the specifications set forth in said undertaking.

36. Defendant's written warranty was the basis of the bargain of the contract between Plaintiff and Defendant for the sale of the Q7.

37. The purchase of Plaintiff's Q7 was induced by, and Plaintiff relied upon, Defendant's written warranty.

38. Plaintiff has met all of his obligations and preconditions as provided in Defendant's written warranty.

39. As a direct and proximate result of Defendant's failure to comply with its written warranty, Plaintiff has suffered damages; and in accordance with 15 U.S.C. § 2310(d), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

WHEREFORE, Plaintiff pray for judgment against Defendant as follows:

a. Monetary relief of $49,999 or less (exclusive of court costs and attorneys' fees), which represents Plaintiff's actual damages, including loss of use as

calculated by the reasonable rental value of a substitute automobile, collateral charges, finance charges, and other incidental and consequential damages. Total monetary relief, inclusive of all damages, attorneys' fees and costs, will not exceed $250,000;

b. Non-monetary relief;

c. All reasonable attorneys' fees, witness fees and all court costs and other fees incurred; and

d. All the other relief to which the Plaintiff may be justly entitled to.

## VII. SECOND CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

40. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-29 of this Petition.

41. The Q7 purchased by Plaintiff was subject to an implied warranty of merchantability as defined in 15 U.S.C. § 2301(7) running from Defendant to Plaintiff.

42. Defendant is a supplier of consumer goods as a person/entity engaged in the business of making a consumer product directly available to Plaintiff.

43. Defendant is prohibited from disclaiming or modifying any implied warranty when making a written warranty to the consumer or when Defendant has entered into a contract in writing within ninety (90) days of a purchase to perform services relating to the maintenance or repair of a motor vehicle.

44. Pursuant to 15 U.S.C. § 2308, Plaintiff's Q7 was impliedly warranted to be substantially free of defects in both material and workmanship and thereby fit for the ordinary purpose for which the Q7 was intended.

45. The Q7 was warranted to pass without objection in the trade under the contract description and was required to conform to the descriptions of the Q7 contained in the contracts and labels.

46. The above described defect in the Q7 renders the Q7 unfit for the ordinary purpose for which the Q7 was intended.

47. As a result of the breach of implied warranty by Defendant, Plaintiff has suffered and continues to suffer various damages.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. Monetary relief of $49,999 or less (exclusive of court costs and attorneys' fees), which represents Plaintiff's actual damages, including loss of use as calculated by the reasonable rental value of a substitute automobile, collateral charges, finance charges, and other incidental and consequential damages. Total monetary relief, inclusive of all damages, attorneys' fees and costs, will not exceed $250,000;
b. Non-monetary relief;
c. All reasonable attorneys' fees, witness fees and all court costs and other fees incurred; and
d. All the other relief to which the Plaintiff may be justly entitled to.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues of fact in this case and herewith tenders the jury fee.

Respectfully Submitted,
**CHANDRASEHAR NKR**

By:______________________

John D. Barker
Texas Bar No. 24072753
jbarker@consumerlawcenter.com
Krohn & Moss, Ltd.
1363 Shermer Rd., Ste. 212
Northbrook, IL 60062
Phone: (312) 578-9428
Fax: (866) 289-0898
Attorney for Plaintiff

# EXHIBIT A

Audi Morton Grove
7000 Golf Road
Morton Grove, IL 60053
(847) 998-8000

GoMcGrath.com
McGRATH Automotive Group

Date: 06/20/2023
Salesperson: Koryeal,Yousif
Deal Number: 245250
JUN 20 23 1:48:51 PM
www.audimortongrove.com

Find Number: 245250 Salesperson: Koryeal,Yousif Date: 06/20/2023
Buyer: Chandrasehar Nkr Co Buyer:
Address: 3875 Gold Cup Ln City: Naperville State: IL Zip: 60564
Home: (732) 662-0814 Work: (732) 662-0814 Cell: (732) 662-0814 Email: [redacted]

New/Used: New Stock#: G10540 Year: 2023 Make: Audi Model: Q7
Mileage: 11 Color: White VIN#: WA1VXBF76PD014371

TRADE INFORMATION
Year: 0 Make: Model:
VIN#:
Mileage: Color:

PRICE: $ 84665.00
Additional Accessories:

## FINANCE OPTION

| Retail Payments | Cash Down | | |
|---|---|---|---|
| | 0.00 | 0.00 | 0.00 |
| **Term** | **Estimated Payments** | | |
| 0 | 80,204.73 | 80,204.73 | 80,204.73 |
| 0 | 80,204.73 | 80,204.73 | 80,204.73 |
| 0 | 80,204.73 | 80,204.73 | 80,204.73 |

"ON APPROVED CREDIT"

"LIMITED TIME OFFER"

## CASH PURCHASE OPTION

| | |
|---|---|
| Price | 84,665.00 |
| Less Discount | -10,665.00 |
| Vehicle Price | 74,000.00 |
| Accessories | 0.00 |
| Sub Total | 74,000.00 |
| Trade Allowance | |
| Tax | 5,501.47 |
| Documentation Fee | 347.26 |
| | 0.00 |
| | 0.00 |
| Trade Payoff | 0.00 |
| EVR Fee | 35.00 |
| License Fees | 0.00 |
| Title/Reg Fees | 306.00 |
| Total | 80,189.73 |
| Less Down Payment | 0.00 |
| Amount Due | 80,189.73 |

Salesperson cannot accept this offer or obligate seller in any manner whatsoever. THIS OFFER IS NOT BINDING UNTIL ACCEPTED IN WRITING BY OFFICER OR SALES MANAGER OF DEALERSHIP

# EXHIBIT B

# *Krohn & Moss, Ltd.*

*Main Office*
*1363 Shermer Rd., Ste. 212*
*Northbrook, IL 60062*
*www.yourlemonlawrights.com*

*Writer's Direct Number*
*(323) 988-2400 Ext. 227*
*Writer's Direct Facsimile*
*(866) 431-5575*
*Writer's Direct E-Mail*
*jbasola@consumerlawcenter.com*

*Writer licensed to practice only in:*
*California*
*Illinois*
*Missouri*
*Texas*

November 11, 2024

Volkswagen Group of America, Inc.
Attn: Legal Department
1950 Opportunity Way, Ste 1500
Reston, VA 20190

**RE:** **<u>Chandrasehar Nkr v. Volkswagen Group of America, Inc.</u>**
Vehicle: 2023 Audi Q7
VIN: WA1VXBF76PD014371

Dear Sir/Madam:

Please be advised that this office represents the above-named individual regarding claims against your company pursuant to the Federal Magnuson-Moss Warranty Act with regard to the above-listed vehicle. Please direct all future contacts and correspondence to our office.

**<u>Having been formally notified of our representation, you are instructed not to contact our client under any circumstances. Direct all inquiries to this office. If you fail to act in conformity with this directive, injunctive relief will be sought against you.</u>**

**<u>Pursuant to 15 U.S.C. 2310(d), you are hereby notified that any settlement made with our client requires payment of our attorneys' fees. If you settle directly with our client and do not make arrangements for payment of our attorneys' fees, we will file suit against you. In addition, you are hereby notified of our attorneys' lien.</u>**

There is a defect present in my client's vehicle for which relief is sought and numerous attempts to repair the vehicle have been unsuccessful. The defect includes, but is not limited to:

1. Defective electrical system as evidenced by notification for the driver's assistance currently limited coming on the cluster and shutting off and resetting all the safety features for the car, loss of all pre sense functions and driver's assistance limited message popping up on dash disabling all driver's assistance and blind spot monitoring; and
2. Any additional defects, whether or not they are contained on any dealer repair orders.

Because of the defect, my client has justifiably lost confidence in the vehicle. As one court has stated:

> For a majority of people the purchase of a new car is a major investment, rationalized by the peace of mind that flows from its dependability and safety. Once their faith is shaken, the vehicle loses not only its real value in their eyes, but becomes an instrument whose integrity is substantially impaired and whose operation is fraught with apprehension. Zabriskie Chevrolet, Inc. v. Smith, 240 A.2d 195.

Concerning the amount of grief a person must endure, one court expressed the consumer's lament in the following manner:

> There comes a time when enough is enough – when an automobile purchaser, after having to take her car into the shop for repairs an inordinate number of times and experiencing all of the attendant inconvenience, is entitled to say, "That's all," and revoke, notwithstanding the repeated good faith efforts to fix the car. Rester v. Morrow, 491 So.2d 204.

My client's repair history clearly shows there was a breach of both written and implied warranties:

> Based upon the generally accepted rule that an unsuccessful effort to remedy defects found to exist renders the warrantor liable; the buyer is not bound to allow her the opportunity or permit her to tinker with the article indefinitely in the hope that it may ultimately be made to comply with the warranty. Kure v. Chevrolet Motor Division, 581 P.2d 603.

Therefore, you are hereby notified in writing of your breach of warranty and of my client's intent to pursue claims for breach of warranty in a court of law should you fail to amicably resolve this matter. Please be advised that pursuant to Uniform Commercial Code §2-711(3), my client has a security interest in the vehicle. Unless you are willing to accept the return of the vehicle and reimburse my client for all monies paid on the vehicle, my client will hold the vehicle and use it to the extent necessary to preserve it, to protect the security interest and to minimize your damages. Moreover, my client needs return of the monies listed above before a substitute vehicle can be acquired. In addition, any attempt by you or your agents to repossess the vehicle will be wrongful and may subject you to liability for conversion and for wrongful repossession under Uniform Commercial Code §§9-503 and 9-507, as well as any other applicable remedies.

If the seller or, if applicable, the assignee, or any creditor subject to the FTC Holder Rule has filed a financing statement covering the goods, I demand, pursuant to Uniform Commercial Code §9-404, that you file a termination statement within ten (10) days to terminate your security interest and forward a copy to me. Since my client has revoked acceptance, there is no outstanding secured obligation. If you do not file a termination statement within ten (10) days and cooperate in removing the lien, you may be liable under Uniform Commercial Code §9-404(1) in the amount of $100.00, plus any loss caused to my client by your failure to do so.

To avoid any litigation, my client requests the return of fifty (50) percent of the purchase price of the vehicle as compensation for its diminished value due to its defect and payment of our attorneys' fees pursuant to the fee-shifting provision of the Federal Magnuson-Moss Warranty Act. Our attorneys' fees are minimal at this stage and we would prefer to resolve this matter without the need for any more time spent on our part or on the part of your attorneys. A great deal of time, money and effort will be saved by all parties involved with a quick resolution of this claim.

Accordingly, if you wish to resolve this matter amicably, please feel free to contact my office. If the matter has not been resolved within fourteen (14) days from the date of this letter, a lawsuit will be filed.

Sincerely,

Jennifer Basola
Attorney at Law

JB/vd
cc: Chandrasehar Nkr

CERTIFIED MAIL

US POSTAGE IMI PITNEY BOWES

ZIP 75071 $ 008.72⁰
02 4W
0000379315 FEB 18 202

Filed: 2/17/2025 12:42 PM
Michael Gould
District Clerk
Collin County, Texas
By Darcey Bonnet Deputy
Envelope ID: 97448729

# Michael Gould, District Clerk

## REQUEST FOR ISSUANCE

- This document **MUST** be filed as a separate **LEAD** document when e-filing.
- Select the type of issuance using the "Optional Services" section on the e-filing screen.

Date: February 17, 2025 Requested by: John Barker

Cause No.: 493-01233-2025 Phone No.: (312) 578-9428

Return to: ______________________________
(Name and e-mail address)

**Please select the type and quantity of issuance(s) needed:**

| Type | Amt | Quantity | Type | Amt | Quantity |
|---|---|---|---|---|---|
| Abstract of Judgment | $8 | | Constable Service Fee #4 | $75 | |
| Capias | $8 | | Constable Service Fee #4 | $175 | |
| Citation | $8 | | Notice of Application of Prot. Order | $8 | |
| Citation by Certified Mail | $83 | 1 | Ex Parte Protective Order | $8 | |
| Citation by Posting | $83 | | Notice of Final Protective Order | $8 | |
| Citation by Publication | $83 | | Letter Rogatory | $8 | |
| Citation for Expedited Foreclosure | $91 | | Notice | $8 | |
| Citation to Secretary of State | $12 | | Order of Sale | $8 | |
| Constable Service Fee #1 | $75 | | Precept | $8 | |
| Constable Service Fee #1 | $175 | | Scire Facias | $8 | |
| Constable Service Fee #2 | $75 | | Subpoena | $8 | |
| Constable Service Fee #2 | $175 | | TRO/Temporary Injunction | $8 | |
| Constable Service Fee #3 | $75 | | Writs | $8 | |
| Constable Service Fee #3 | $175 | | | | |

Name of party to be served: VOLKSWAGEN GROUP OF AMERICA, INC.

Document to be served: Citation and Original Petition

Address for service: c/o RA Corporation Service Company D/B/A CSC-Lawyers Inc.
211 E. 7th St., Ste. 620, Austin, TX 78701

Name of party to be served: ______________________________

Document to be served: ______________________________

Address for service: ______________________________

______________________________

*Please attach additional pages if there are more parties to be served.*

Copy from re:SearchTX

CITATION BY MAILING
THE STATE OF TEXAS
493-01233-2025

Chandrasehar Nkr vs. Volkswagen Group of America, Inc.

493rd District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO: Volkswagen Group of America, Inc., Defendant
c/o RA Corporation Service Company D/B/A CSC-Lawyers Inc.
211 E 7th St Ste. 620
Austin TX 78701

You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the 493rd District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by John D. Barker Krohn & Moss Ltd 1363 Shermer Rd Suite 212 Northbrook IL 60062 (Attorney for Plaintiff or Plaintiffs), on the 17th day of February, 2025.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 18th day of February, 2025.

ATTEST: Michael Gould, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460, ext. 4320

DISTRICT COURT OF COLLIN COUNTY, TEXAS

By: Darcey Bonnet, Deputy
Darcey Bonnet

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.

THE STATE OF TEXAS
CIVIL CITATION

CASE NO. 493-01233-2025

Chandrasehar Nkr vs. Volkswagen Group of America, Inc.

In the 493rd District Court

Of Collin County, Texas

OFFICER'S RETURN BY MAILING

Came to hand the 18th day of February, 2025,8:33 AM, and executed by mailing to the defendant certified mail, return receipt requested with restricted delivery a true copy of this citation together with an attached copy of the Plaintiff's Original Petition and/or citation to the following address:

Volkswagen Group of America, Inc.
Registered agent: Corporation Service Company
d/b/a CSC-Lawyers Incorporating Service Company
211 E. 7th St, Ste 620
Austin TX 78701.

**Please Check Method of Service**

**ATTACH**

**RETURN RECEIPT (S)**

**WITH**

**ADDRESSEE'S SIGNATURE**

Service upon the defendant is evidenced by the return receipt incorporated herein and attached hereto, signed by Chandler Crow and dated the 21st day of February, 2025.

To certify which witness my hand officially.

Michael Gould, District Clerk

DISTRICT COURT OF COLLIN COUNTY, TEXAS

By: Darcey Bonnet, Deputy
Darcey Bonnet

Fee for serving citation $75.00

Copy from re:SearchTX

Filed: 3/17/2025 4:07 PM
Michael Gould
District Clerk
Collin County, Texas
By Megan Mellett Deputy
Envelope ID: 98547623

**CAUSE NO. 493-01233-2025**

| | | |
|---|---|---|
| CHANDRASEHAR NKR,<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | 493rd JUDICIAL DISTRICT |
| VOLKSWAGEN GROUP OF AMERICA, INC.,<br>*Defendant.* | §<br>§<br>§ | COLLIN COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND**

Defendant VOLKSWAGEN GROUP OF AMERICA (hereinafter referred to as "VWGOA") files this, its Original Answer to Plaintiff's Original Petition (hereinafter referred to as "Plaintiff's Original Petition"), and respectfully would show the Court as follows:

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure ("TRCP"), VWGOA generally denies, each and every, all and singular, the allegations contained in Plaintiffs' Original Petition and requires Plaintiff to prove his allegations by the strictest applicable burden of proof in accordance with the laws and constitution of the State of Texas.

2. VWGOA specifically denies that it is the manufacturer of the Plaintiff's vehicle.

3. VWGOA requests a trial by jury.

4. VWGOA pleads, should it be necessary, that Plaintiff's claims are barred, in whole or in part, by a written, limited warranty.

5. VWGOA pleads, should it be necessary, that Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

6. VWGOA specially excepts to Plaintiff' failure to plead the precise nature of any defect (as opposed to symptom or malfunction) with sufficient specificity.

7. VWGOA specially excepts to Plaintiff's pleading the number of days the vehicle was allegedly out of service, without specifying the number of days that a loaner vehicle was provided, which is a required element of Plaintiff's proof per applicable law.

8. VWGOA specially excepts to the absence of any state law cause of action because the statute pled provides remedies to supplement but not supplant state court remedies, but does not create any substantive right affected by Plaintiff's allegations or the facts of this case.

WHEREFORE, PREMISES CONSIDERED, VWGOA prays that the Court grant judgment for VWGOA and against Plaintiff, that VWGOA be awarded all of its costs of court, and for such other and further relief, at law or in equity, which VWGOA may show itself to be justly entitled.

Respectfully submitted,

Karl T. Rivas
_______________________________

KARL T. RIVAS
State Bar No. 00784846
Email: krivas@namanhowell.com
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Tel: 210-731-6462
Fax: 210-757-4402

**ATTORNEYS FOR DEFENDANT**
**VOLKSWAGEN GROUP OF AMERICA, INC.**